**SECURITIES AND EXCHANGE COMMISSION,**

v.

**Sam M. ANTAR; Allen Antar; Rori Antar; Sam A. Antar; Michelle Antar; Benjamin Kuszer; Adam Kuszer; Sam Kuszer; Simon Kuszer; Ellen Antar Kuszer; Jill Antar; R.A.S. Partnership, L.P.; S.T. Partnership, L.P.; Rose Antar and \*Rose Antar.**

**Nos. 00–1820, 00–1836, 00–4357, 00–4100, 01–4208.**

United States Court of Appeals, Third Circuit.

Submitted July 19, 2002.

Decided Aug. 2, 2002.

---

\* (Amended Pursuant to Clerk's 12/12/01 Order).

Before McKEE, FUENTES, and
ALDISERT, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge.

These consolidated appeals arise from the civil enforcement actions commenced by the Securities and Exchange Commission ("SEC") against three main defendants: Sam M. Antar ("Sam"), Allen Antar, and Benjamin Kuszer. This action alleged insider trading and securities fraud in transactions involving shares in Crazy Eddie, Inc ("Crazy Eddie"). The original complaint, filed in 1993, also named various children and other relatives of the main defendants as relief defendants. District Judge Ackerman, who had previously presided over a criminal matter stemming from the fraudulent schemes perpetrated at Crazy Eddie, conducted a 22 day bench trial. The court held Sam and the other main defendants liable for securities law violations. The court ordered the main defendants and relief defendants to disgorge profits gained from the illegal stock trades and ordered them to pay some prejudgment interest.

After the court found Sam liable, the SEC filed an amended complaint adding Rose Antar, Sam's wife ("Rose"), and others as additional relief defendants. The SEC alleged that Sam fraudulently transferred real property and stocks to the Rose and other new relief defendants over a six year period before and during the prosecution of the SEC action against Sam. The District Court granted summary judgment to the SEC on these claims, and ordered the relief defendants to reconvey the value of the transferred properties to a court-appointed receiver.

Two groups of appellants challenge the District Court's rulings. The main defendants and three original relief defendants (Rori Antar, Sam M. Antar, and Michelle Antar) argue that: 1) Judge Ackerman abused his discretion in denying their pretrial motion for recusal; 2) Judge Acker-

man's conduct during the bench trial displayed bias against the defendants and necessitated recusal; 3) the court abused its discretion in its "aggressive" questioning of witnesses during the bench trial; and 4) the court abused its discretion in ordering the relief defendants to pay prejudgment interest. Rose, R.A.S. Partnership, L.P., and S.T. Partnership, L.P. contend that: 1) the District Court lacked ancillary jurisdiction to order Rose to pay the value of properties fraudulently transferred to her by Sam; 2) the court erred in granting summary judgment to the SEC on the claims of fraudulent conveyances by Sam to Rose; and 3) the court abused its discretion in denying Rose a continuance before granting summary judgment. After carefully considering the extensive and well-argued submissions in this case, we conclude that all of the appellants' arguments lack merit. We therefore will affirm the judgments of the District Court in all respects.

I

Because we write only for the parties, we need not recite the lengthy factual background of this case. We first address the claims of appellants Sam M. Antar, Allen Antar, Benjamin Kuszer, Rori Antar, Sam A. Antar, and Michelle Antar. These appellants first argue that Judge Ackerman erred by not recusing himself from this case based on statements he made during the criminal sentencing hearing of Mitchell Antar, who pled guilty to charges arising out of the Crazy Eddie frauds. Specifically, these appellants focus on strong comments made by the court to Mitchell Antar in the court's explanation of its sentencing decision, App. at 313–14, to claim that Judge Ackerman unfairly prejudged matters at issue in the current civil prosecution, and therefore that recusal was required.

[1] We review the court's denial of the motion to recuse for abuse of discretion. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir.2000). A judge is required to recuse where his or her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Yet under the extra-judicial source doctrine, "[o]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). For example, we required the recusal of the original district judge in these Antar proceedings because the judge "told the parties that his goal in the criminal case, from the beginning, was something other than what it should have been, and, indeed, was improper." *United States v. Antar*, 53 F.3d 568, 576 (3d Cir. 1995). A showing of actual bias or prejudice is not required, as § 455(a) focuses on the appearance of bias or prejudice and "mandates an objective rather than a subjective inquiry." *Id.* at 574; *see also Liteky*, 510 U.S. at 548.

Judge Ackerman's comments were made in the context of the criminal sentencing of a defendant who had pled guilty. Therefore, the appellants' allegation of bias stems from a prior legal proceeding, not an extra-judicial source, and the statements were based on the uncontested facts of the criminal case before the court. The sentencing involved none of the defendants in the current case. The court merely explained the terms of its sentence based on the facts before it, and did not go so far as to suggest an improper motive or deep-seated antagonism which would unduly un-

dermine the fairness of the court's judgment in the current case.

Appellants argue that the court's use of the phrases "you people" and "you and your co-conspirators" proves that its comments were not limited to Mitchell Antar, and that the court's acceptance of the SEC's view of Mitchell Antar's actions suggests to a reasonable observer that the court would align itself with the SEC in the instant civil proceedings. However, the court's reference to other "co-conspirators" could reasonably be seen as a reference to Eddie Antar, who was sentenced prior to Mitchell Antar. Finally, it is true that some of the transactions and other facts to which Mitchell and Eddie Antar admitted by pleading guilty became disputed issues in the instant civil case. Yet these facts were uncontested in the prior criminal proceeding by virtue of the guilty pleas, and Judge Ackerman's acceptance of the undisputed record in that context was not binding in this case and cannot reasonably be seen as "prejudging" the arguments in the instant case.

Alleged bias derived from prior judicial proceedings will "rarely be grounds for recusal." *Securacomm Consulting*, 224 F.3d at 278. We find no evidence here to warrant departing from that general rule. Judge Ackerman's remarks do not show a deep-seated favoritism or antagonism that would make fair judgment impossible against the defendants in this case. The District Court did not abuse its discretion in refusing to recuse itself.

Appellants also argue that Judge Ackerman's conduct during the bench trial validated their pre-trial allegations and mandated recusal. Appellants did not respond to the SEC's contention that appellants never moved for recusal on this basis before the District Court, so we review for

plain error. *Antar*, 53 F.3d at 573.[1] While appellants charge that the court's "aggressive" questioning and "interference" with cross-examination transformed him into an "advocate" of the SEC, our review of the trial record indicates only that Judge Ackerman took an active role in managing the trial and, as the finder of fact, testing the credibility of witnesses. The Supreme Court has held that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partial challenge" unless they stem from an extra-judicial source or reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. Some of the court's comments indeed were highly critical. However, taken together, the court's conduct during trial does not show such an all-encompassing antagonism to the defendants as to make a fair judgment impossible.

■ Just as the court's active questioning of witnesses did not provide a ground for recusal, it did not exceed the court's authority under Federal Rule of Evidence 614(b). Rule 614(b) allows the court to interrogate witnesses. The court's power is not without limits, however: "[t]he trial judge must not 'abandon his proper role and assume that of an advocate....'" *United States v. Wilensky*, 757 F.2d 594, 597 (3d Cir.1985) (quoting *United States v. Beaty*, 722 F.2d 1090, 1093 (3d Cir.1983)). While we have not adopted any "absolute, rigid rule ... concerning the limitations of the trial judge's participation," we have accepted the guidance of the Eighth Circuit's view that " 'in order to reverse on grounds of excessive judicial intervention, the record must either "disclose actual bias on the part of the trial judge (or) leave the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." ' " *Id.* (quoting *Warner v. Transamerica Ins. Co.*, 739 F.2d 1347, 1351 (8th Cir.1984) (citation omitted)).

Here, because the court presided over a bench trial, there was no jury which the court's conduct could have adversely affected. We have already concluded that the court's aggressive questioning did not reveal "actual bias" sufficient to mandate recusal. This case involved complicated financial transactions and focused significantly on credibility determinations, so the court's active role facilitated its management of the bench trial and resolution of the issues. We therefore find that the court did not exceed its authority in its questioning.

■ Finally, appellants argue that the court abused its discretion in ordering relief defendants Rori Antar, Sam M. Antar, and Michelle Antar to pay prejudgment interest. We review a district court's determination to require the payment of prejudgment interest for abuse of discretion. *Ambromovage v. United Mine Workers of America*, 726 F.2d 972, 982 (3d Cir.1984). The district court may exercise this discretion upon " 'considerations of fairness' " and prejudgment interest may be denied " 'when its exaction would be inequitable.' "

---

1. The SEC also argues that we may not consider this issue because it was not contained in Appellants' Statement of Issues in their brief. However, the omission appears accidental as appellants included the issue in the Table of Contents, devoted an entire section and six pages in their briefs to this issue, later filed an amended Statement of Issues incorporating this issue, and explained in their reply that this omission was due to a computer error. Therefore, we will consider this issue, but only for plain error because appellants did not raise it below.

*Id.* (quoting *Board of Commissioners of Jackson County v. United States*, 308 U.S. 343, 352, 60 S.Ct. 285, 84 L.Ed. 313 (1939)).

The court observed that Rori Antar, Sam M. Antar, and Michelle Antar were minors who did not control their Crazy Eddie shares and were unaware of the frauds perpetrated at Crazy Eddie. Eddie Antar, who knew of the frauds and thus had inside information, sold their shares in his role as custodian under the Uniform Gifts to Minors Act. Therefore, the court did not require these relief defendants to pay prejudgment interest for the entire period between the stock sale and the judgment. Instead, the court ordered them to pay prejudgment interest only from the time the complaint was filed, partly because at that time they were on notice that their Crazy Eddie profits might have been illegally gained.

The court clearly considered interests of fairness. It noted that requiring these relief defendants to pay prejudgment interest for the entire fourteen year period between the time of the stock sales and the judgment would be "particularly inequitable" because they "neither substantively participated in the litigation process nor caused the delays." App. at 178. Yet because they still derived unjust enrichment from the frauds, the court also found that fairness dictated that some prejudgment interest was required. Its determination to require prejudgment interest for the period following the filing of the complaint was the court's "admittedly imprecise" effort to limit prejudice to the relief defendants while securing compensation for the illegal profits. *Id.* at 179. We find no reason to disturb the court's considered exercise of discretion to balance the equities and reach a fair result.

## II

■ We next consider the arguments of appellants Rose Antar, R.A.S. Partnership, L.P., and S.T. Partnership, L.P. They first argue that the District Court lacked ancillary jurisdiction over them to enforce its judgment against Sam by ordering his wife Rose to pay the value of securities and other property transferred to her by Sam, including the value of some assets Rose no longer owns, along with prejudgment interest. As the SEC notes, appellants do not seem to challenge the court's jurisdiction to order the reconveyance of actual property fraudulently transferred by Sam to Rose. Indeed, the Supreme Court has approved of such jurisdiction. *See Peacock v. Thomas*, 516 U.S. 349, 356, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (approving the exercise of "ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments including ... prejudgment avoidance of fraudulent conveyances"). Instead, appellants argue that the court's order goes "well beyond the avoidance of Sam's transfers to Rose" by requiring Rose to pay from her own personal assets. In essence, Rose argues that the court had no authority to order not just a reconveyance of fraudulently transferred assets but also to pay the money value of those assets.

The Supreme Court in Peacock held that federal courts do not have ancillary jurisdiction over claims which seek to "impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Peacock*, 516 U.S. at 357. In other words, a court may not use its ancillary jurisdiction to impose liability on a third party for a judgment against a prior defendant. However, as the District Court observed, here the SEC only "seeks to reach assets belonging to the judgment debtor but found in the hands of the relief defendants." App. at A18. For the rea-

**554**

sons substantially stated by the District Court in its opinion dated November 17, 2000, we conclude that appellants' arguments lack merit and that the court had jurisdiction to issue its orders for Rose Antar and the other appellants to pay the value of properties fraudulently conveyed to them by Sam. App. at A16–A19.

■ Appellants next argue that the court erred in granting summary judgment to the SEC because the deposition testimony given by Sam regarding his insolvency before his transfers to Rose lacked credibility and was insufficient to support a finding in favor of the SEC. Because they claim that the SEC never met its burden to make a *prima facie* showing on the elements of its case, appellants argue that the burden never shifted to them to show specific facts establishing a genuine issue of material fact. Indeed, appellants do not make such a showing, but rather attack the evidence offered by the SEC namely Sam's testimony as, based on the District Court's own findings and comments, lacking all credibility.

As we have held, "[i]t is by now axiomatic that 'a nonmoving party . . . cannot defeat summary judgment simply by asserting that a jury might disbelieve an opponent's affidavit to that effect.'" *Schoonejongen v. Curtiss–Wright Corp.*, 143 F.3d 120, 130 (3d Cir.1998) (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989)). "[I]f a moving party has demonstrated the absence of a genuine issue of material fact—meaning that no reasonable jury could find in the nonmoving party's favor based on the record as a whole—concerns regarding the credibility of witnesses cannot defeat summary judgment. Instead, the nonmoving party must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Here, appellants do not present any affirmative evidence, and seek to defeat summary judgment solely on the basis of the lack of believability of Sam's deposition testimony. Appellants seem to argue that because Sam's testimony was not credible, the SEC did not meet its burden, and therefore appellants did not have to present any affirmative evidence. Yet, as the District Court held, Sam's testimony and inferences therefrom helped establish the SEC's *prima facie* case, and appellants' response only that the testimony was not believable is insufficient. "In this situation, it may be said that record as a whole points in one direction and the dispute is not 'genuine.'" *Id.* (quoting *Matsushita Elec. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). We reject appellants' other arguments on this issue. After our plenary review of the record, we conclude that the District Court did not err in granting summary judgment to the SEC.

■ Finally, appellants argue that the court abused its discretion in denying Rose's request for a continuance under Federal Rule of Civil Procedure 56(f) so that she could take further discovery and better enable her to oppose the SEC's summary judgment motion. We review for abuse of discretion. *San Filippo v. Bongiovanni*, 30 F.3d 424, 432 (3d Cir. 1994). For the reasons substantially stated by the District Court in its opinion dated November 17, 2000, we find that the court did not err in exercising its discretion to deny a continuance. App. at A19–A20. The evidence which Rose sought to discover could have been easily obtained from her husband Sam, rather than from the SEC or some other party, and Rose had sufficient time following the SEC's filing of its summary judgment motion to

take a deposition from her husband, obtain an affidavit from him, or otherwise undertake discovery from Sam or others. *See Contractors Ass'n of Eastern Pennsylvania, Inc. v. City of Philadelphia,* 945 F.2d 1260, 1263 (3d Cir.1991) (noting that "when the party seeking discovery has the information it seeks in its own possession or can get it from a source other than the movant," court may deny motion for continuance).

## III.

For the foregoing reasons, we will AFFIRM the judgments of the District Court.