

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2005

# Pfizer Inc v. Uprichard

Precedential or Non-Precedential: Precedential

Docket No. 04-2527

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Pfizer Inc v. Uprichard" (2005). *2005 Decisions.* Paper 579.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/579

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2527

———

PFIZER INC., a Delaware corporation

v.

MARGARET UPRICHARD, an individual,
                                                        Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cv-01137)
Magistrate Judge:  Hon. G. Donald Haneke

———

Argued May 10, 2005

Before:  SLOVITER and FISHER, Circuit Judges, and
POLLAK[*], District Judge

(Filed  August 30, 2005)

———

Joseph F. Hardcastle  (Argued)
Cintra S. Shober
Hardcastle & Shober
Boston, MA 02111

       Attorneys for Appellant

_____

       [*] Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

James P. Flynn  (Argued)
       Of Counsel
Sheila A. Woolson
       On the Brief
Epstein Becker & Green, P.C.
Newark, New Jersey 07102

       Attorneys for Appellee


OPINION OF THE COURT


SLOVITER, Circuit Judge.

       Dr. Margaret Uprichard, who received an arbitration award of $244,636.25 plus prejudgment interest to be paid by her former employer appellee Pfizer, Inc., appeals from the portion of the District Court's order requiring that she sign Pfizer's Settlement and Release Agreement as a condition to enforcement of the Arbitration Award.  At issue is whether a District Court can impose such a requirement in the context of a Fed. R. Civ. P. 60(a) proceeding.

**I.**

       In the late 1990s, Dr. Uprichard was employed by the Warner-Lambert Company as Director of Clinical Research. Warner-Lambert merged with Pfizer Inc. in the Spring of 2000, and Uprichard's title was changed from Director of Clinical Research to "Local Clinical Leader."  Dissatisfied with her new position, Uprichard submitted a Constructive Termination Eligibility Form, claiming a substantive change in job duties, and a request for severance benefits pursuant to Warner-Lambert's Enhanced Severance Plan ("ESP").

       A panel of three arbitrators of the American Arbitration Association found that Uprichard had suffered constructive termination and directed Pfizer to pay her severance benefits in the amount of $ 244,636.25.  The arbitration award imposed no

2

restrictions or conditions on the payment of the award, nor did it discuss the requirement of any settlement or waiver agreement. Although the arbitration panel retained jurisdiction for forty-five days "for purposes of resolving any dispute . . . regarding ESP benefits due under this Award," App. at 366, neither party sought to have the award modified in any respect.

In March of 2003, Pfizer filed suit in the United States District Court for the District of New Jersey seeking to have the Arbitration Award vacated, claiming that the arbitration panel awarded relief that "exceeded the . . . authority afforded to it by the ESP and the parties," and that such relief reflected "manifest disregard for the law, the evidence and the intent of the ESP's drafters." App. at 19-20. Pfizer did not include in its complaint a request to modify the arbitration award to include a requirement that Uprichard sign a settlement or waiver agreement.

By Order dated September 26, 2003, the District Court (I) denied Pfizer's motion to vacate arbitration award, (ii) allowed Uprichard's cross-motion to confirm arbitration award, (iii) denied Uprichard's cross-motion for award of attorneys' fees, (iv) dismissed Pfizer's verified complaint with prejudice, and (v) ordered that judgment be entered in favor of Uprichard in the amount of $244,636.25 plus pre-judgment interest from December 16, 2002. The District Court did not discuss or require any settlement or waiver agreement as a condition of payment.

Following the September 26, 2003 Order, the parties stipulated that the amount of prejudgment interest to be paid to Uprichard was $ 11,353.80. In a letter dated October 3, 2003, Uprichard informed Pfizer that she would not proceed with an appeal of the denial of her request for attorneys' fees and would, upon receipt of payment of the arbitration award and prejudgment interest, sign and deliver an agreement that judgment had been satisfied.

By letter dated October 7, 2003, Pfizer sent Uprichard a prepared copy of its Settlement and Release Agreement, which

3

included confidentiality and non-disparagement requirements. Moreover, the Agreement provided that should Uprichard violate either of these provisions, she would be required to repay to Pfizer, as "liquidated damages," all the money paid to her pursuant to the arbitration award (the "disputed provisions").[1] Pfizer demanded that Uprichard sign the Settlement and Release Agreement, prepared by Pfizer, as a condition to receiving her arbitrated award. Following several telephone conversations

---

[1] Specifically, Pfizer's Settlement and Release Agreement stated in pertinent part:

> I agree not to disclose the existence or terms of this Release Agreement including but not limited to the amount I received in exchange for signing the Release Agreement, to anyone, other than members of my immediate family, legal counsel and financial and tax advisors for the purpose of obtaining professional advice, or as ordered by a court of competent jurisdiction. I agree that should I act in violation of this Paragraph, I will repay to Pfizer any and all monies paid to me under this Release Agreement. This repayment will be considered "liquidated damages" and will be the sole amount the Company will seek for violation of this Paragraph.

> . . .

> I further agree not to make any written or oral statements injurious to, or of a disparaging nature about, Pfizer. I agree that should I act in violation of this Paragraph, I will repay to Pfizer any and all monies to me under this Release Agreement. This repayment will be considered "liquidated damages" and will be the sole amount the Company will seek for violation of this Paragraph.

App. at 475-76.

between the parties discussing the disputed provisions, counsel for Uprichard sent a letter to Pfizer dated November 4, 2003, stating that although Uprichard was willing to "execute a release of any and all remaining claims she may have against Pfizer in order to expedite payment of the Judgment she obtained," App. at 481, she was not willing to sign the specific release proposed by Pfizer because she claimed that it contained a number of provisions that went well beyond a general release.[2] Id. Uprichard attached to the November 4, 2003 letter, a signed and notarized general release, containing none of the disputed provisions. In subsequent correspondence, Pfizer refused to accept the release offered by Uprichard.

When it became clear that no agreement would be reached on the voluntary payment of the severance award, on March 19, 2004, Uprichard filed a motion pursuant to Federal Rule of Civil Procedure 60 (a)[3] to correct judgment with the District Court to include the pre-judgment interest previously agreed upon. The docket entry accompanying the September 26, 2003 Order inadvertently failed to reflect the District Court's grant of pre-judgment interest in Uprichard's favor, stating only "judgment entered in the sum of $244,636.25 in favor of deft Margaret Uprichard and agst pltf Pfizer, Inc." App. at 6. Although Pfizer did not dispute Uprichard's entitlement to pre-judgment interest, it did claim in response that Uprichard was required by the ESP to sign a standard release form acceptable to

---

[2] Uprichard also noted that given the present procedural posture, she was not obligated to provide any release whatsoever and, if she so chose, could simply execute on the District Court's September 26, 2003 judgment in her favor.

[3] Rule 60(a) provides:

Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . .

5

Pfizer as a condition to receiving her arbitrated award.

Both parties consented to have a Magistrate Judge hear the matter.[4] Pursuant to 28 U.S.C. § 636(c)(1), a hearing was held on April 26, 2004. By Order dated April 28, 2004, the Magistrate Judge corrected the docket sheet to include $11,353.80 in prejudgment interest, and imposed the requirement that Uprichard sign Pfizer's Settlement and Release Agreement as a condition to receiving her money judgment. The second paragraph of that Order states:

> The Court finds the release form required by the Plaintiff prior to the payout of monies to the Defendant is objectively reasonable. Plaintiff shall not be required to pay over any monies to the Defendant until such time as that release has been signed.

App. at 1.

Uprichard filed a timely notice of appeal from the Magistrate Judge's Order, arguing that because the Settlement Agreement requirement was addressed in the context of a Fed. R. Civ. P. 60(a) motion to correct judgment, the Magistrate Judge exceeded his authority by substantively amending the September 26, 2003 Order of the District Court.

## II.

A. Jurisdiction

The District Court had diversity jurisdiction under 28

_____

[4] By letter dated April 22, 2004, Pfizer stated that "This will confirm my conversation with Your Honor's clerk this morning that Pfizer Inc. agrees to your exercise of jurisdiction in deciding defendant's motion to 'correct' the order entered by Judge Greenaway." App. at 485.

U.S.C. § 1332.[5]  Pfizer argues that we lack jurisdiction to hear this appeal because the notice of appeal was untimely. Specifically, Pfizer claims that Uprichard's obligation to sign Pfizer's Settlement and Release Agreement was "inherent" in the District Court's September 26, 2003 Order confirming the Arbitration Award, and therefore, that the thirty-day period to appeal this obligation, under Fed. R. App. P. 4, began to run as of September 26, 2003. Thus, according to Pfizer, Uprichard's May 26, 2004 notice of appeal, although styled as an appeal from the Magistrate Judge's April 28, 2004 Order, was actually an appeal from the District Court's September 26, 2003 Order, and therefore untimely.  We reject this argument.

Pfizer's claim that the Settlement Agreement requirement was "inherent" in the District Court's September 26 Order finds no basis in the record or relevant case law.  Neither the December 16, 2002 arbitration award nor the September 26, 2003 Order of the District Court, confirming the arbitration award, contained any reference to a settlement and release agreement, much less required that one be signed as a condition to obtaining the award.  Pfizer cites no case law even suggesting that a finding of substantive right (namely the requirement of a settlement agreement) is made implicit or "inherent" in a court's holding when the court neither addresses the issue or was even aware of its existence.

Furthermore, Uprichard was provided a copy Pfizer's Settlement Agreement for the first time, by letter dated October 7, 2003 (two weeks after the District Court's September 26 Order), and it is undisputed that the Settlement Agreement issue

_____

[5]  The Federal Arbitration Act itself, 9 U.S.C. § 1 et seq., does not create federal question jurisdiction.  Rather, an independent basis of jurisdiction is needed.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). We have previously held that the federal courts have jurisdiction to adjudicate suits under the FAA pursuant to 28 U.S.C. § 1332.  See Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 291 n.1 (3d Cir.  1991).

was adjudicated for the first time in connection with Uprichard's Rule 60(a) motion to correct judgment.[6]

Therefore, we hold that Uprichard's notice of appeal is from the Magistrate Judge's April 28, 2004 Order, and not from the District Court's September 26, 2003 Order.[7]  Because this notice of appeal was filed within thirty days of the Magistrate Judge's Order, it was timely and we have jurisdiction under 28 U.S.C. § 636(c)(3).[8]

B.  Did the Magistrate Judge's April 28, 2003 Order Exceed his Authority?

Ordinarily, we review a district court's decision to grant or deny a Fed. R. Civ. P. 60(a) motion for an abuse of discretion.

---

[6] Although Pfizer did assert in its pre-hearing brief to the arbitration panel that Uprichard was required to waive all claims against Pfizer in order to receive her benefits, the specific issue of what type of waiver was required was never presented. Furthermore, notwithstanding Pfizer's presentation of the issue to the arbitration panel, the panel did not condition the award on any waiver of any kind and Pfizer failed to identify the issue when it sought to vacate the award in the District Court.

[7] Indeed, as explored infra, the gravamen of Pfizer's argument on the merits is that the Magistrate Judge could impose a settlement agreement requirement, even in the context of a Rule 60(b) proceeding, because the District Court has "inherent authority" to enforce its judgments.  Implicit in this argument is that the current appeal concerns the propriety of the Magistrate Judge's April 28, 2004 Order, not the District Court's earlier September 26, 2003 Order.  Counsel for Pfizer conceded as much at oral argument.

[8] Section 636(c)(3) provides that where a Magistrate Judge is designated with the consent of the parties, the mechanism for challenging a final order or judgment is by appeal to this court "in the same manner as an appeal from any other judgment of a district court."

8

Perez v. Cucci, 932 F.2d 1058, 1061 (3d Cir. 1991) ("We review the denial of the City's Rule 60(a) motion to determine whether the trial court's action was arbitrary, fanciful or clearly unreasonable.  Otherwise stated [the City] must show that no reasonable person would concur in the trial court's assessment of the issue under consideration.") (internal citations and quotations omitted).  However, the issue of whether a District Court has authority, in the context of a Fed. R. Civ. P. 60(a) motion, to impose additional substantive requirements not earlier contemplated by the District Court presents a question of law subject to plenary review.  See generally Mack Trucks, Inc. v. Int'l Union, UAW, 856 F.2d 579, 584 (3d Cir. 1988); Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 103 (3d Cir. 1981) ("We must exercise a plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to historical facts.").

Fed R. Civ. P. 60(a), as set forth in note 3, is limited to the correction of "clerical mistakes"; it encompasses only errors "mechanical in nature, apparent on the record, and not involving an error of substantive judgment."  Mack Trucks, 856 F.2d at 594 n.16 (internal citations omitted); see also Perez v. Cucci, 932 F.2d at 1062; United States v. Stuart, 392 F.2d 60, 62 (3d Cir. 1968) ("Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered.  It permits the correction of irregularities which becloud but do not impugn it."). As stated by the Fifth Circuit in In re W. Tex. Mktg., 12 F.3d 497, 504-05 (5th Cir. 1994):

> [T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule.  As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.  If, on the other

hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage [a party's] blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

see also Barris v. Bob's Drag Chutes & Safety Equip., Inc., 717 F.2d 52, 55 (3d Cir. 1983) (stating that a Rule 60(a) motion "does not affect the finality of the original judgment . . . nor does it toll the time limits within which an appeal must be taken.").

It is well established that where a party seeks to alter a judgment to reflect the District Court's grant of pre-judgment interest, Rule 60(a) is the proper avenue for making such a request. Glick v. White Motor Co., 458 F.2d 1287, 1294 (3d Cir. 1972) (holding that once entitlement to pre-judgment interest is established, addition of pre-judgment interest is "merely a ministerial act"). Thus the Magistrate Judge had ample authority to amend the underlying judgment to reflect the stipulated amount of pre-judgment interest owed to Uprichard.

We conclude, however, that the Magistrate Judge overstepped his authority under Rule 60(a), and changed the substantive rights of the parties, by requiring that Uprichard sign Pfizer's Settlement Agreement as a condition to receiving her arbitration award. See, e.g., Mack Trucks, Inc., 856 F.2d at 594 n.16; United States v. Stuart, 392 F.2d at 62. Stated otherwise, even if Pfizer is correct as a matter of contract law that the ESP contains such a release requirement (an issue we need not reach in the present case), a Rule 60(a) motion is not the appropriate context to impose this requirement for the first time.[9]

---

[9] Pfizer's request to substantively amend the judgment should have been made through a Fed. R. Civ. P. 59(e) motion.

10

As noted above, neither the panel of arbitrators nor the District Court assessing the arbitrated award imposed the substantive requirement that Uprichard sign a Settlement and Release Agreement prepared by Pfizer as a condition to receiving her arbitrated award. The decision of the arbitration panel provides only that "Claimant Dr. Margaret J. Uprichard has been constructively terminated within the meaning of the ESP, and Pfizer is directed to pay her the severance benefit amount agreed to in the 'Stipulation Regarding Benefit Award Calculation,' namely . . . $244,636.25." App. at 366. And, while "the panel [ ] retain[ed] jurisdiction for 45 days . . . for purposes of resolving . . . any disputes regarding ESP benefits due under th[e] Award," id., Pfizer failed to submit any request to the panel to alter the Award to include a requirement that Uprichard sign its settlement agreement.

Further, although Pfizer sought to vacate the arbitration award in the District Court under the Federal Arbitration Act, it made no attempt to have the award modified to include a Settlement or Release requirement. Once the District Court issued its September 26, 2003 Order confirming the Arbitration Award, the matter was governed by the statutory provision that "the judgment so entered . . . [had] the same force and effect, in all respects, as, and [was] subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13; see also Witkowski v. Welch, 173 F.3d 192, 200 (3d Cir. 1999).

Thus, it is evident that the settlement agreement requirement imposed by the Magistrate Judge was a new substantive condition never before contemplated by the District Court. Indeed, when the Magistrate Judge was asked, during the April 26, 2004 hearing, the basis on which he was imposing such a requirement, he stated:

---

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Id.

11

to tell you the truth, when you ask me to cite you a case or a proposition, I respectfully suggest to you that I don't have one because I don't need one. It's common place . . . any litigant who pays any money ever, under any circumstances, without getting a piece of paper in exchange that basically says, this is it, is an imbecile.

App. at 503-05.

Pfizer argues, however, that even if the Magistrate Judge exceeded the scope of his authority under Rule 60(a), he acted within his "inherent authority" to "enter appropriate orders to ensure that [the District Court's] judgments and prior orders are properly enforced." Appellee's Br. at 28, 30-31. Pfizer is correct that a district court has inherent authority to ensure that prevailing parties are able to enforce prior judgments. See, e.g., S.E.C. v. Antar, 120 F. Supp. 2d 431, 439 (D.N.J 2000), aff'd 44 Fed. Appx. 548 (3d Cir. 2002) (holding that district court had authority to reach defendants' assets in hands of alleged fraudulent transferees). However, this authority cannot extend to the imposition of substantive conditions on enforcement not previously encompassed in the earlier judgment. See Peacock v. Thomas, 516 U.S. 349, 356-57 (1996) (holding that although the Court has "approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments . . . [its] recognition of these supplementary proceedings has not, however, extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment").[10]

---

[10] The cases cited by Pfizer do not hold otherwise. For instance, in Columbia Gas v. Enterprise Energy Co., 50 F.3d 233 (3d Cir. 1995), the parties entered into a class action settlement agreement, which the district court approved. 50 F.3d at 235. The settlement agreement explicitly provided that class members were entitled to receive their share of the settlement award only after they executed a release of claims and a supplemental contract. Id. at 236. We held that given the explicit terms of the settlement

## III.

For the reasons given above, we hold that the Magistrate Judge exceeded the scope of his authority by imposing the requirement that Uprichard sign Pfizer's Settlement and Release Agreement as a condition of receiving her arbitration award. Accordingly, we vacate the second paragraph of the Magistrate Judge's April 28, 2004 Order. Because this fully adjudicates the matter at hand, remand is not necessary.

---

agreement, individual class members were required to present a release of claims as a condition to payment. We did not impose a release requirement where one had not previously and expressly been agreed to by all parties and incorporated into a prior court order.