**Felix ORIAKHI, Appellant**

v.

**Timothy P. WOOD; Linda Edwards; United States of America.**

No. 07–2532.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and IOP 10.6 Sept. 20, 2007.

Filed: Oct. 9, 2007.

Felix Oriakhi, Fort Dix, NJ, pro se.

Jennifer J. Clark, Office of United States Attorney, Scranton, PA, for Timothy P. Wood; Linda Edwards; United States of America.

Before: MCKEE, FUENTES and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

This is an appeal from the District Court's dismissal of Felix Oriakhi's complaint and his subsequent motion for relief from judgment. For the following reasons, we will dismiss this appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

On January 10, 2005, Appellant, an inmate at Schuylkill Federal Correctional Institution, initiated a combined Federal

---

Tort Claim Act and *Bivens*[1] action against Timothy P. Wood, Linda Edwards, and the United States alleging that the Defendants, in their individual and official capacities, performed an "intrusive search and confiscation" of his legal materials. On March 31, 2006, 2006 WL 859543, the District Court entered an order granting Defendants' motion for summary judgment and dismissing Appellant's complaint. Appellant claims he was not notified of the judgment and never received a copy of the District Court's order. On April 30, 2007, Appellant filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(a).[2] On May 4, 2007, the District Court denied Appellant's motion. On May 21, 2007, Appellant filed a notice of appeal from that order and the order granting summary judgment for the Defendants.[3]

We review the denial of a Rule 60(a) motion for abuse of discretion. *See Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129 (3d Cir.2005). The District Court's dismissal of Appellant's Rule 60(a) Motion was entirely appropriate. Appellant does not allege clerical error; he claims that he did not receive notification of the court's order. Appellant is attempting to use Rule 60(a) to re-open a final judgment in order to restart the clock for Fed. R.App. P. 4(a) purposes. Unfortunately for Appellant, our case law is clear: a Rule 60(a) motion does not affect the time limits within which an appeal must be taken. *See Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137, 1139 n. 1 (3d Cir.1993); *Barris v. Bob's Drag Chutes & Safety Equip.*, 717 F.2d 52, 55 (3d Cir.1983). Moreover, had the District Court liberally construed Appellant's motion under the more appropriate Rule 60(b), the denial would still be appropriate. A district court may not supersede the timeliness requirements of Fed. R.App. 4(a) by using a Rule 60(b) motion to re-open the judgment. *See West v. Keve*, 721 F.2d 91, 97 (3d Cir.1983).

In sum, because Oriakhi's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

1. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights.

2. Rule 60(a), Relief from Judgment or Order, in pertinent part states:
   Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may also be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with the leave of the appellate court.

3. As Appellant realizes, we lack appellate jurisdiction to review the District Court's order granting defendant's motion for summary judgment. A notice of appeal in a case in which the United States is a party "may be filed by any party within 60 days after the judgment of order appealed from is entered." Fed. R.App. P. 4(a)(1)(B). Appellant filed his notice of appeal from the District Court's order granting summary judgment for the Defendants a full year after the order was entered. Thus, we lack appellate jurisdiction to review that order.