CLAY, Circuit Judge,
concurring in part and dissenting in part.
Although I agree with the majority’s conclusions with respect to three of the *528 four orders at issue in this appeal, I disagree with its determination that this Court lacks appellate jurisdiction to review the bankruptcy court’s denial of K&B Capital, LLC’s (“K&B”) Rule 60(b) motion to vacate the bankruptcy court’s previously issued supplemental sale order.
This Court previously has noted that a “ruling on a Rule 60(b) motion ... [is] appealable in and of itself.” Peake v. First Nat’l Bank & Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir.1983); see also Jerry v. UAW-Local 735, 818 F.2d 866 (6th Cir.1987) (unpublished table decision) (“A ruling on a Rule 60(b), Federal Rules of Civil Procedure, motion to vacate is appealable.... ”). As other courts have noted in addressing the appealability of Rule 60(b) orders, “the finality of such orders derives from the finality of the underlying judgment upon which relief is sought.” Mason v. Integrity Ins. Co. (In re Mason), 709 F.2d 1313, 1315 (9th Cir.1983). In this case, the underlying order—the supplemental sale order- — is itself a final order. See Precision Indus., Inc. v. Qualitech Steel SBQ, LLC, 327 F.3d 537, 543 (7th Cir.2003); cf. Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 579 (6th Cir.2008) (holding that a bankruptcy court’s sale order is a final order for res judicata purposes).
In concluding that this court lacks appellate jurisdiction over the appeal of the denial of the Rule 60(b)(4) motion, the majority argues that the Rule 60(a) order is not a final order because a “Rule 60(a) order involves the purely ministerial act of correcting a clerical mistake.” Op. at 6. According to the majority, because a Rule 60(a) order “does not alter the substantive rights of the parties or resolve any of the disputes in the case,” such an order cannot meet the requirement that an order “affect[ ] substantive rights” to constitute a final order. Id.[1]
Under the majority’s reasoning, a Rule 60(a) order would never be appealable, because, by definition, a Rule 60(a) motion does not affect the substantive rights of the parties. However, a Rule 60(a) order generally is an appealable order. See Pfizer Inc. v. Uprichard, 422 F.3d 124, 128 (3d Cir.2005) (addressing argument that the district court exceeded its authority in acting pursuant to Rule 60(a)); 11 Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2871 (2d ed. 2008) (Where a “court corrects the judgment ... after an appeal has ended or after the time for appeal has run in a case in which no appeal was taken, [the court’s] action would itself be appeal-able though the appeal would be limited to its disposition of the Rule 60(a) motion.”). Further, under the circumstances of this case, the Rule 60(a) order should be considered a final order because K&B has no other way to challenge the district court’s use of Rule 60(a) to amend the final sale order. Thus, because the supplemental sale order is a final order, this is not a case where this Court “may not entertain an appeal [from a denial of a Rule 60(b) motion] under [28 U.S.C. § ] 1291 because the underlying order ... is purely interlocutory and, thus, not within the scope of Rule 60(b), which applies only to ‘final’ judgments and orders.” Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 123 (3d Cir.2004) (first alteration in original).
*529 Moreover, in the bankruptcy context, “finality ‘is considered in a more pragmatic and less technical way ... than in other situations.’ ” Winget, 537 F.3d at 579 (quoting Lindsey v. O’Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Coming), 86 F.3d 482, 488 (6th Cir.1996)). Thus, a “case need not be appealed as a ‘single judicial unit’ at the end of the entire bankruptcy proceeding” to constitute a final order. In re Tex. Extrusion Corp., 844 F.2d 1142, 1155 (5th Cir.1988). Instead, “where an order in a bankruptcy case finally disposefs] of discrete disputes within the larger case, it may be appealed immediately.” Winget, 537 F.3d at 579 (quoting In re Dow Corning, 86 F.3d at 488) (internal quotation marks omitted).
In this case, the bankruptcy court’s order denying K&B’s Rule 60(b) motion was a final determination that K&B was not entitled to the relief it sought — an order vacating the supplemental sale order as void. Consequently, although the district court’s ruling on K&B’s motion did not end the entire Chapter 11 litigation proceedings, it constituted a final, appealable order over which this Court has jurisdiction. Because I disagree with the majority’s conclusion that we lack appellate jurisdiction to review K&B’s appeal of the denial of its Rule 60(b) motion, I respectfully dissent from that portion of its opinion.

. In support of its argument, the majority suggests that K&B never understood the sale order to include the Chapter 5 claims based on K&B's failure to immediately appeal the sale order. However, whether K&B believed that the original sale order included the Chapter 5 claims is irrelevant to the question of whether the subsequent Rule 60(a) order is a final order for purposes of K&B's appeal.