**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4164
_____

LARRY TAYLOR,
                              Appellant

v.

VINELAND DEVELOPMENT SCHOOL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-12-cv-00785)
District Judge:  Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 5, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 6, 2013)
_____

OPINION
_____

PER CURIAM

Larry Taylor, proceeding pro se, appeals the United States District Court for the

District of New Jersey's order dismissing Taylor's complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6).  We will affirm.

I.

Taylor was previously employed at Vineland Developmental Center ("Vineland Developmental"). Vineland Developmental is operated by the New Jersey Department of Human Services ("DHS"), which is a principal department within the executive branch of the New Jersey state government. N.J. Stat. Ann. 30:1-2. Vineland Developmental dismissed Taylor following a workplace incident in April 2005.[1]

In February 2012, Taylor filed a complaint in the District Court, alleging that Vineland Developmental wrongfully terminated him and discriminated against him in violation of the Fourteenth Amendment. Vineland Developmental filed a motion to dismiss pursuant to Rule 12(b)(6). On October 18, 2012, the District Court dismissed Taylor's complaint with prejudice. Taylor filed a notice of appeal on November 2, 2012.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over an order dismissing claims under Rule 12(b)(6). Monroe v. Beard, 536 F.3d 198,

---

[1] An Administrative Law Judge upheld Taylor's termination. Taylor unsuccessfully appealed that decision to the Civil Service Commission and the New Jersey Appellate Division; the New Jersey Supreme Court denied certiorari.

[2] On November 8, 2012, the District Court filed an order vacating the October 18th order that dismissed the complaint. The District Court concluded that because Taylor's notice of appeal had not yet been docketed in this Court, it retained jurisdiction to vacate its order pursuant to Federal Rule of Civil Procedure 60(a). See Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] . . . order . . . . The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."). Taylor's notice of appeal was docketed in this Court later on the same day that the District Court vacated its order. On November 13, 2012, the District Court entered a letter-order vacating its November 8th order and reinstating the October 18th order

2

205 (3d Cir. 2008). "Reviewing such an order, we accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." Id.

## III.

The District Court properly dismissed Taylor's complaint. Taylor's complaint was sparse, but he stated that the action arose under the Fourteenth Amendment to the United States Constitution due to wrongful termination and discrimination. In Vineland Developmental's Rule 12(b)(6) motion, the reasoning of which the District Court adopted, Vineland Developmental assumed that Taylor was bringing his complaint pursuant to 42 U.S.C. § 1983, the federal statute that provides a cause of action when state actors violate the Fourteenth Amendment.[3] See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

---

dismissing Taylor's complaint. The parties were directed to address whether the orders the District Court entered November 8th and 13th affected this Court's jurisdiction in their briefs, but Vineland Developmental failed to do so. Nevertheless, we are required to ensure that we have appellate jurisdiction. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). We conclude that the District Court lacked authority to enter its November 8th and November 13th orders because the corrections in those orders affected the substantive rights of the parties, which Rule 60(a) does not permit. See United States v. Kellogg, 12 F.3d 497, 503 (5th Cir. 1994) (holding that Rule 60(a)'s scope is limited to corrections of clerical mistakes or other oversights); United States v. Stuart, 392 F.2d 60, 62 (3d Cir. 1968) ("Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it."); see also Pfizer Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005). Thus, because those orders were unauthorized and ineffectual, we have jurisdiction to review the order, entered on October 18, 2012, dismissing Taylor's complaint.

[3] Taylor did not respond to Vineland Developmental's motion and the District Court concluded that Taylor conceded it.

3

Vineland Developmental argued that because it is not subject to liability under § 1983, Taylor's complaint failed to state a claim. To state a prima facie case under § 1983, Taylor must show that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Vineland Developmental, which is operated by a principal department in the executive branch of the New Jersey state government, is not a person capable of being sued within the meaning of § 1983. See id.; see, e.g., Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam) (holding that New Jersey Prison Medical Department is a state agency that cannot be sued under § 1983 because it is not a person); Weisman v. N.J. Dep't of Human Servs., 817 F. Supp. 2d 456, 464 (D.N.J. 2011) (holding that DHS is not a person within the meaning of § 1983). Thus, because Taylor's complaint named only Vineland Developmental as a defendant, he failed to state a claim upon which relief can be granted, and dismissal was correct. Further, because amendment of the complaint would be futile, dismissal of Taylor's complaint with prejudice was appropriate. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

IV.

For the foregoing reasons, we will affirm the District Court's October 18, 2012, order dismissing Taylor's complaint with prejudice.

4