**BLD-143**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4024
_____

TERRY NELSON,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, COUNTY OF DELAWARE, et al;
THOMAS F. LAWRIE; CHARLES HOWLEY; SAMUEL DEVECCHIS,
(Each) Individually and Collectively, In Their Official Capacities, Et Al
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-08-cv-02224)
District Judge:  Honorable Legrome D. Davis
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 27, 2013

Before: AMBRO, CHAGARES and VANASKIE <u>Circuit</u> <u>Judges</u>

(Filed: January 8, 2014)
_____

OPINION
_____

PER CURIAM

Terry Nelson appeals pro se from the District Court's order denying his motion

filed pursuant to Federal Rule of Civil Procedure 60(a).[1]  Appellee Charles Howley has

moved to quash the appeal as time-barred.  For the reasons that follow, Howley's motion

is denied and we will summarily affirm the District Court's order.

## I.

In 2008, Nelson filed a civil rights action in the District Court against Howley and

others pursuant 42 U.S.C. § 1983.  Some of Nelson's claims were dismissed in 2009.  On

April 30, 2010, the District Court granted summary judgment against Nelson as to the

remaining claims.  The District Court docket reflects that a copy of the April 30, 2010

order was mailed to Nelson; the docket does not indicate that this order went undelivered.

In September 2013, Nelson filed a Rule 60(a) motion with the District Court,

claiming that he did not learn of the April 30, 2010 order until July 2013, when he

inquired about the case's status.  The motion indicated Nelson's "desire[] to exhaust his

appeals on the federal level through the U.S. Court of Appeals for the Third Circuit."  On

September 18, 2013, the District Court denied the motion, concluding that Rule 60(a) was

inapplicable and "does not provide courts a mechanism to set back the clock so that Mr.

Nelson can appeal the Court's judgment."  (Dist. Ct. Order entered Sept. 18, 2013, at 2.)

On October 1, 2013, Nelson filed this appeal.  Thereafter, Howley filed his motion

to quash, and the Clerk of this Court listed the appeal for possible summary action.

## II.

---

[1] Under Rule 60(a), a district court "may correct a clerical mistake or a mistake arising
from oversight or omission whenever one is found in a judgment, order, or other part of

Howley's argument that this appeal is time-barred appears to be premised on his belief that Nelson is appealing from the District Court's April 30, 2010 order. But Nelson's notice of appeal clearly states that he is appealing from the District Court's September 18, 2013 order. Because that notice was filed within 30 days of the date of the latter order, this appeal is timely. See Fed. R. App. P. 4(a)(1). Accordingly, Howley's motion to quash is denied.

Turning to the merits of this appeal,[2] we review the District Court's denial of Nelson's Rule 60(a) motion for abuse of discretion. See Pfizer Inc. v. Uprichard, 422 F.3d 124, 129 (3d Cir. 2005). For substantially the reasons provided by the District Court in its September 18, 2013 order, we conclude that the court did not abuse its discretion in denying Nelson's motion.[3] Because this appeal does not present a substantial question, we will summarily affirm that order. See 3d Cir. I.O.P. 10.6.

---

the record." Fed. R. Civ. P. 60(a).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

[3] Pursuant to Federal Rule of Appellate Procedure 4(a)(6), a district court may, under certain circumstances, grant a party's motion to reopen the time to file an appeal based on his failure to receive proper notice of the court's judgment. But such a motion must be filed within 180 days after the judgment is entered or within 14 days after the movant receives proper notice of the entry, whichever is *earlier*. See Fed. R. App. P. 4(a)(6). Because Nelson's Rule 60(a) motion was filed more than 180 days after the District Court's April 30, 2010 order, liberally construing that motion as a request for relief under Rule 4(a)(6) would not have changed the outcome here.