CLD-231                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3701
_____

LYMAN S. HOPKINS,
                    Appellant

v.

TRENTON BOARD OF EDUCATION; MADELINE ROMAN, Official and Individual
Cap.; MICHAEL PETTOLA, Official and Individual Cap.; SANDRA ITURBIDES,
Official and Individual Cap.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-17-cv-03232)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted on Appellees' Motion for Summary Action
July 11, 2019

Before: CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 10, 2019)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lyman Hopkins, proceeding pro se, appeals orders of the United States District Court for the District of New Jersey, including an order dismissing his second amended complaint and denying his motion to amend, and orders denying his motions for reconsideration and relief pursuant to Federal Rule of Civil Procedure 60. We will grant Appellees' motion for summary action and affirm the denial of Rule 60 relief.

Hopkins filed an employment discrimination complaint against the Trenton Board of Education and individual defendants after he was not hired for a position as a Spanish teacher. The District Court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to allege facts supporting a discrimination claim and comply with Federal Rule of Civil Procedure 8. Hopkins moved to reopen his case and submitted another complaint. The defendants opposed the motion. The District Court denied the motion to reopen and allowed Hopkins to file an amended complaint.

Hopkins filed an amended complaint and the District Court reopened the case. The defendants moved to dismiss the amended complaint. At a hearing, Hopkins stated that he wished to further amend his complaint. The District Court denied the motion to dismiss and allowed Hopkins to file a second amended complaint. Hopkins did so, and the defendants filed another motion to dismiss.[1] The District Court ruled that Hopkins failed to state a claim for relief, granted the motion to dismiss, denied Hopkins' motion to

_____

[1]Defendants (now Appellees) refer to the December 4, 2017 filing as the third amended complaint. Like the District Court, we will refer to it as the second amended complaint.

2

amend the complaint, and dismissed the matter with prejudice. The District Court also denied Hopkins' motion for reconsideration. The District Court noted that he had at least two opportunities to amend his complaint and that another amendment would be futile.

Hopkins then filed a motion for relief from the judgment pursuant to Rule 60(a) and (b). The motion is difficult to understand. Hopkins sought to amend his complaint again and asserted that he was prejudiced by conflicting dates in the record as to when his motion to amend his second amended complaint was filed. He relied on the defendants' response to his motion, which asserted that he had not timely served his motion under the Court's local rules. Hopkins argued that relief is due under Rule 60(a), which allows the District Court to correct a clerical mistake in the record. See Fed. R. Civ. P. 60(a). The District Court ruled that, assuming Hopkins is correct, there may be a clerical mistake, but it is inconsequential and did not affect the substance of its ruling.

Hopkins also argued at the hearing on his Rule 60 motion that relief was due based on newly discovered evidence. He stated that the individuals who interviewed him for a job lacked authority to deny his application and that only the Trenton Board of Education could do so. The District Court ruled that Hopkins' newly discovered evidence did not alter its decision because he had not shown any discriminatory conduct. The District Court denied the Rule 60 motion and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We agree with the Appellees to the extent they argue that the scope of our review is limited to the District Court's order denying Hopkins' Rule 60 motion. Hopkins did not file a timely notice of appeal

of the District Court's orders dismissing his second amended complaint, denying his motion to amend, and denying his motion for reconsideration.[2] We review the denial of a Rule 60 motion for abuse of discretion. See Pfizer Inc. v. Uprichard, 422 F.3d 124, 129 (3d Cir. 2005) (Rule 60(a)); Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014) (Rule 60(b)).

Appellees argue in their motion for summary action that Hopkins vaguely claimed that an error existed in the docket related to his motion to amend his pleadings, and that the District Court had broad discretion to rule that any error was inconsequential and did not affect its conclusions. Hopkins stated at a hearing that he sought relief under Rule 60(a) based on the fact that his motion to amend was filed on February 9, 2018, but the Appellees claimed that the motion was untimely filed on February 14, 2018. As noted above, Appellees asserted that they were not timely served. More importantly, the record reflects that the District Court denied the motion to amend based on a finding that further amendment would be futile, not because the motion was untimely filed or served.

---

[2]The order entered March 1, 2018 dismissing the second amended complaint does not comply with Rule 58. Judgment is thus not entered on the docket for purposes of the time requirements for filing a notice of appeal until July 30, 2018. See Fed. R. App. P. 4(a)(7)(A)(ii). Hopkins, however, filed his notice of appeal on December 10, 2018, after the 30-day time period to appeal expired. See Fed. R. App. P. 4(a)(1)(A). The motion for reconsideration, filed and decided before judgment was entered, did not extend the time to appeal. Havensight Capital LLC v. Nike, 891 F.3d 1167, 1173-74 (9th Cir. 2018). The Rule 60 motion, which raised issues similar to those presented in the motion for reconsideration, also did not extend the time to appeal these orders. See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984).

The notice of electronic filing of the motion to amend that was sent to the parties states that the transaction was docketed and filed on February 14, 2018. To the extent Hopkins relies on this notice, no relief is due. While the motion to amend was entered on the docket on February 14, 2018, the motion was docketed as filed on February 9, 2018, the date it is stamped received by the Court. The docket reflects the correct filing date. The District Court did not err in denying relief under Rule 60(a).

Appellees also argue that Hopkins did not show that relief was warranted under Rule 60(b) based on newly discovered evidence that the individual defendants did not have the authority to deny his job applications. Appellees contend that, even assuming Hopkins did not know about the hiring process before filing his motion, the information did not advance any of his discrimination claims. We agree. The District Court did not abuse its discretion in denying relief from the judgment on this basis. Hopkins also did not show that relief under Rule 60(b) was due on any other ground.

Accordingly, because this appeal does not present a substantial question, Appellees' motion for summary action is granted and we will affirm the District Court's order denying the Rule 60 motion. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.