NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1751
_____

JEFFERY A. BARNHILL;
H.C.M.B.C., INC.

v.

THOMAS F. PREGENT; THE KEPLER HOME, INC.; ANTHONY MISITANO;
PINEHURST MEDICAL CORPORATION, LLC, a Delaware limited liability company;
DAVID ARNOLD; BRIAN DAVIDSON; BRUCE BOYER;
ATHENS HEALTHCARE, LLC; ATHENS HEALTHCARE, INC.;
ATTORNEY GENERAL OF THE STATE OF NEW YORK,
Medicaid Fraud Control Unit;
OFFICE OF THE ATTORNEY GENERAL;
PENNSYLVANIA DEPARTMENT OF HEALTH;
PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL;
U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Office of Inspector General;
JEFFREY A. TAYLOR, United States Attorney, District of Columbia;
MARTIN C. CARLSON

ANTHONY MISITANO;
PINEHURST MEDIACL CORPORATION, LLC,
Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 09-cv-00273
(Honorable A. Richard Caputo)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2012

Before: SCIRICA, RENDELL and SMITH, *Circuit Judges*.

(Filed: February 2, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

This appeal challenges the District Court's postjudgment order remanding pendent state law claims to the Court of Common Pleas of Bradford County, Pennsylvania.

I.

Jeffery Barnhill and H.C.M.B.C., Inc., (collectively "Barnhill") brought suit against Anthony Misitano, Pinehurst Medical Corporation, LLC, Thomas Pregent, and several other defendants in Pennsylvania state court in 2005. The case involved a dispute over the sale of a nursing home in Bradford County. In January 2009, Misitano and Pinehurst Medical Corporation (collectively "Misitano") filed an answer and counterclaim joining new parties, including the Office of the Inspector General of the United States Department of Health and Human Services (the "OIG") and two U.S. Attorneys. These federal counterclaim defendants removed the action to federal court under 28 U.S.C. §§ 1442 and 1446. Misitano voluntarily dismissed his action against the U.S. Attorneys. Then, on September 16, 2009, the federal court dismissed the last of the claims on which removal was based. In four numbered parts, the court's September 16 order ( the "original order") (1) granted the OIG's motion to dismiss, (2) declined to exercise supplemental jurisdiction over the remaining state law claims, (3) dismissed the case, and (4) instructed the clerk to mark the case as closed.

On January 6, 2010, Barnhill sought clarification of the court's disposition of the remaining state law claims in a motion under Federal Rule of Civil Procedure 60(a). Barnhill hoped that the state law claims he filed in 2005 would be remanded back to state court. On January 8, 2010, the court acknowledged that it had "neglected to specify the disposition of [the] remaining state law claims in [the September 16] order" and granted Barnhill's motion by amending the original order to specify that "[t]he remaining state law claims are DISMISSED WITHOUT PREJUDICE." In the court's words, this amendment reflected its "original intention."

Unhappy with this result, on January 13, 2010, Barnhill filed a motion under Federal Rule of Civil Procedure 59(e), seeking reconsideration of the dismissal. On March 1, 2010, the District Court determined that failing to remand the state law claims would create a manifest injustice and granted the Rule 59(e) motion. In its March 1 order, the court vacated the January 8 clerical correction and amended the original order to remand the pendent state law claims. On appeal, Misitano challenges this second postjudgment order.[1]

II.

---

[1] We have jurisdiction to review a district court's decision under 28 U.S.C. § 1367(c) to decline supplemental jurisdiction and remand. *Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 155 (3d Cir. 1998). We generally review the District Court's disposition of a motion for reconsideration for abuse of discretion. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999). But the issue of whether the District Court exceeded its authority in granting this postjudgment motion presents a legal question subject to *de novo* review. *See Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129 (3d Cir. 2005).

Rule 59(e) permits a party to file a motion to alter or amend a judgment no later than 28 days after entry.[2] Misitano's principal argument is that the court lacked authority to use Rule 59(e) to make a substantive amendment to its Rule 60(a) clerical correction because such amendment would be incompatible with the purposes of Rule 60(a).[3] Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *See also Pfizer Inc.*, 422 F.3d at 130 (Rule 60(a) reaches only "mindless and mechanistic mistakes," not errors of substantive judgment). In other words, Misitano argues the court could not alter or amend its clerical correction to remand the pendent state law claims because the resultant order would conflict with the court's professed "original intention."

But Misitano's argument rests on the assumption that the court's order under Rule 59(e) was an amendment to the clerical correction. This assumption does not withstand scrutiny. We look to the function of the motion, not its caption, to determine the type of relief a litigant seeks. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Although Barnhill characterized his Rule 59(e) motion as a motion for reconsideration of the January 8 clerical correction, he actually sought an amendment to the original

---

[2] Effective December 1, 2009, the limitations period for a motion under Rule 59(e) was extended from 10 days to 28 days.

[3] Citing the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), Misitano also avers that the District Court did not have jurisdiction to alter or amend the September 16 judgment because the time for appeal had run. But *Kokkonen* merely stands for the proposition that federal courts do not have automatic ancillary jurisdiction to enforce a settlement agreement arising from federal litigation. The Supreme Court interpreted the settlement agreement dispute as a claim for breach of contract, a matter beyond federal jurisdiction. *Id.* at 381-82. Here, the District Court did not assert jurisdiction over a settlement agreement between litigants, but rather over its own order.

September 16 order. And this was the relief the District Court granted on March 1, 2010, when it vacated the clerical correction and amended its original order. Accordingly, Barnhill's motion was in substance a motion to alter or amend the September 16 order. As we recently held, "Rule 59(e) is a claim-processing rule, not a jurisdictional rule, so objections based on the timeliness requirement of that rule may be forfeited." *Lizardo v. United States*, 619 F.3d 273, 276 (3d Cir. 2010). Misitano raised no objections on timeliness before the court, instead arguing the motion's merits. We will not entertain those objections on appeal. For the foregoing reasons, the court's order under Rule 59(e) did not exceed its authority.[4]

Nor was the order an abuse of discretion. The District Court concluded that failing to remand the state law claims to state court, where proceedings commenced in 2005, would result in manifest injustice. This is a sound basis for relief under Rule 59(e). We will affirm.

---

[4] We note that the limitations period in Rule 59(e) is intended to promote the finality of judgments. *See Albright v. Virtue*, 273 F.3d 564, 572 (3d Cir. 2001). But finality is not a significant concern here because the court had not specified the disposition of the state law claims until the postjudgment clerical correction. Promptly thereafter, Barnhill filed the Rule 59(e) motion.